## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

TIMOTHY J. SIMS,

        Plaintiff,

    v.                                  No. 1:16-cv-00870-WJ-KBM

FIRST AMERICAN PROPERTY
& CASUALTY INSURANCE COMPANY,
ROBERT DALTON, and MICHAEL
HENDRICKSON,

        Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART and DENYING IN PART
### DEFENDANTS' MOTION TO DISMISS COUNTS I, V AND IX

THIS MATTER comes before the Court upon the following motions:

- Defendant Robert Dalton's 12(b)(6) Motion to Dismiss Counts I, V and IX of Plaintiff's Complaint, filed November 7, 2016 (**Doc. 10**); and

- Defendant Michael Hendrickson's 12(b)(6) Motion to Dismiss Counts I, V and IX of Plaintiff's Complaint, filed November 7, 2016 (**Doc. 11**).

On December 12, 2014, Plaintiff's home and other property were damaged in a fire ("the fire").   In this case, Plaintiff sues his home insurer, First American Property & Casualty Insurance Company ("First American") and two employees of First American for breach of contract and other state law claims after the fire.  This Court has diversity jurisdiction over the case.  *See* Compl., ¶¶1-4. Having reviewed the parties' briefs and applicable law, the Court finds that   Defendants' motions are granted in that neither Defendant Dalton nor Defendant Hendrickson can be personally liable to Plaintiff under Counts I, V and IX, but the motions are

denied in that the facts alleged against these Defendants are pertinent to Plaintiff's claims against First American.

## BACKGROUND

At the time of the fire, Plaintiff (or "Mr. Sims") was insured by First American under a policy ("Policy," attached as Exhibit A to Complaint). The Policy was a renewal of a previous policy, meaning that Plaintiff had paid premiums to First American for past coverage in addition to the premiums for this Policy. Mr. Sims paid additional consideration for endorsements to the standard form of First American's insurance policy, one endorsement described as "Eagle Premier Coverage" and which included $1 million of available coverage in the event of compensable loss as well as the following pertinent provisions:

- 150% replacement cost coverage on your dwelling in the event of a total loss;
- 20% more person property coverage;
- 100% replacement coverage on personal property;
- Additional coverage and limits are increased on nine types of valuable property [and]
- 10% more coverage to bring your home up to code in the event of a total loss.

Compl., ¶¶31.

According to the Complaint, Robert Dalton ("Dalton") was the Vice President of Claims at First American and actively participated in claims handling and claims decision-making processes regarding Plaintiff's fire-related claims. As such, he had the supervisory and managerial authority to make decisions on behalf of First American. Defendant Michael Hendrickson ("Hendrickson") was the claims representative assigned to handle claims in relation to fire, and was also authorized to act on behalf of First American. Compl., ¶¶35-39

Plaintiff alleges that Defendants have failed and refused to properly inspect or pay for Plaintiff's dwelling damages including specifically but not limited to, damage to his roof and driveway. An independent inspection recommended that because the roof was so damaged by

fire, it required complete replacement which would cost almost $100,000.  As a result of First American's denial of the roof replacement request, the roof of the home presents a danger to Plaintiff's family, and the residual elements left on the roof's materials has caused the house to smell like smoke.

Plaintiff claims that Defendants have acknowledged that the personal property damages are covered under the Policy yet they still have refused to pay what is owed under the Policy by applying "blatantly incorrect values" to the damaged personal property and improper limits and allowances not found in the Policy terms and by withholding recoverable replacement costs.  Mr. Sims also asserts that Defendants continue to make ongoing demands for irrelevant or duplicative documentation which are clearly intended to intimidate and discourage him from pursuing his claims any further.

Defendants' alleged breach of the policy has prevented Plaintiff from fully replacing the damaged and/or destroyed property.  Plaintiff has repeatedly requested replacement cost for the roof, and costs for additional living expenses and costs of moving ("pack out" and "pack in") during the reconstruction process.   Defendant denied the roof replacement requests, and failed to respond to Mr. Sims' requests for the pack out, storage, pack in and additional living expenses, causing damages of more than $100,000 in relation to the roof claim alone.

Plaintiff alleges that the fire has caused such extensive damage to the Home that it should have been entirely demolished and rebuilt, and the entire demolition and rebuild processes should have been paid under the First American Policy.  Instead, First American underestimated Plaintiff's damages in order to withhold contractually owed policy proceeds and underpaid Plaintiff's claims in order to increase Defendants' own corporate and personal profits.  In failing

to pay to demolish and rebuild the home, Plaintiff asserts that First American has put its own interests ahead of the insured and has breached the terms of the Policy.

Plaintiff also alleges that Defendants First American, Dalton, and Hendrickson have made material misrepresentations to him regarding the Policy benefits, claims activity, and other material aspects of the claims process, and have repeatedly and intentionally failed to provide Plaintiff with reasonable explanations of the basis relied on in the Policy for the denial of his claims.   The Complaint includes the following claims:

| | |
|---|---|
| Count I: | Breach of Contract; |
| Count II: | Violations of the Unfair Insurance Practices Act; |
| Count III: | Violations of the Unfair Practices Act; |
| Count IV: | Twisting;[1] |
| Count V: | Bad Faith; |
| Count VI: | Fraud; |
| Count VII: | Negligent Misrepresentation; |
| Count VIII: | Intentional Infliction of Emotional Distress; and |
| Count IX: | Declaratory Judgment |

Defendants Dalton and Hendrickson seek dismissal of Counts I (Breach of Contract), Count V (Bad Faith) and Count IX (Declaratory Judgment).

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions.   *Id*.   Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a

---

[1]  "Twisting" is the practice of issuing, or causing to be made or issued, any written or oral statement misrepresenting or making misleading comparison as to the terms, conditions, benefits, or advantages of any policy for the purpose of inducing or attempting or tending to induce any other person to retain or otherwise deal with any policy.  *See* NMSA 1978, §59A-16-6.

motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Because the arguments contained in both motions are nearly identical, the Court addresses them together.

## I.     Count I – Breach of Contract

Both parties agree that New Mexico law applies here, since the Policy was issued to Plaintiff in New Mexico.  *See Butt v. Bank of Am., N.A.,* 477 F.3d 1171, 1179 (10th Cir. 2007) (state law applied in diversity cases "with the objective of obtaining the result that would be reached in state court").

Defendants seek the dismissal of Defendants Dalton and Hendrickson ("Dalton" and "Hendrickson") from Counts I, V and IX because neither was a party to the insurance contract. Plaintiff concedes that neither of these Defendants were parties to the contract between First American and Mr. Sims and that neither can be held *personally liable* under those counts. However, Plaintiff maintains that their actions can still provide a basis for his claims for breach of contract, common law bad faith and declaratory judgment against First American because both  were acting at all relevant times as agents and on behalf of the principal, First American, and that Defendants have admitted this in their Answers.[2]  *See* First American Ans., Doc. 6 at 6, ¶¶34, 37; Dalton Ans., Doc. 9 at 6, ¶34; Hendrickson Ans., Doc. 8 at 6, ¶34.

There is a consensus that Dalton and Hendrickson cannot be held personally liable under Counts I, V and IX, but Defendants avoid the issue of whether their conduct can nevertheless form the basis for these claims against First American.  In an apparent attempt to resolve the

---

[2]  The complaint alleged that Defendants Dalton and Hendrickson "may or may not have been acting within the scope of his employment." Compl., ¶¶34, 37.  However, the Answers clarified Defendants' position on that issue.

issue without having to turn to judicial intervention, Plaintiff presented a four-page proposed stipulated order for Defendant's review. *See* Ex. C (Docs. 23 & 24). Defendants reviewed the form order and submitted their revisions to Plaintiff, making minor changes to the language stating that Dalton and Hendrickson would not be held personally liable for Counts I, V and IX.[3] They also sought to *completely* delete language stating that the actions and omissions of Dalton and Hendrickson occurring in the course and scope of their employment "may also be the basis" for pursing the breach of contract claim in Count I or as a basis for damages in the bad faith claim and the declaratory judgment claim in Counts V and IX.

Both parties are in agreement that neither Dalton nor Hendrickson can be held personally liable for a breach of the insurance contract between First American and Plaintiff. This is consistent with New Mexico law, which holds that an agent is not prone to contract liability because an "agent for a disclosed principal is not a party to any contract entered into on behalf of the principal." *Kreischer v. Armijo,* 118 N.M. 671, 675 (Ct.App. 1994).[4] However, Plaintiff insists that the conduct of Defendants Dalton and Hendrickson can still provide a basis for claims against their employer/principal, First American. Defendant's only response is to argue that the issue has nothing to do with whether Dalton and Hendrickson should be dismissed from Counts I, V and IX and that language on this issue was unnecessarily included in the proposed stipulated order.

New Mexico has a uniform jury instruction which states:

---

[3] The version presented to Defendants stated that Defendants Dalton and Hendrickson "cannot be held personally liable" on the counts for breach of contract and that they cannot be held "personally liable for damages" caused as a result of any finding in Plaintiff's favor on his claims for bad faith and declaratory judgment. . . .". See Ex. C . Defendants modified the form order to change "cannot be held personally liable" to "are not liable." They also sought to delete "personally" in the language dealing with the claims of bad faith and declaratory judgment.

[4] In contrast, an agent may be held individually liable for his or her own *tortious* acts, whether or not he or she was acting for a disclosed principal. *Kaveny v. MDA Enterprises, Inc.,* 138 N.M. 432, 437 (N.M. App. 2005) (citing *Kreischer v. Armijo,* 118 N.M. 671, 673 (Ct.App.1994)).

> A corporation can act only through its officers and employees.   Any act or omission of an officer or an employee of a corporation, within the scope or course of [his] [her] employment, is the act or omission of the corporation.

NM UJI 13-409.  In light of this instruction, the Court would put this question to Defendants: If Plaintiff cannot use the human actions or omissions of Defendants Dalton and Hendrickson as a basis for his claims against First American's breach of contract, on what then, could Plaintiff rely?  While Plaintiff is precluded under New Mexico law from pursuing individual claims against Defendant Dalton and Hendrickson for breach of contract, the Court finds that Plaintiff may rely on factual allegations concerning these two defendants, and the development of those facts, in order to pursue the breach of contract claim against their principal.

## II.    Count V – Bad Faith

Defendant contends that Plaintiff's bad faith claim in Count V is also based upon contract and also fails as a matter of law against Defendants Dalton and Hendrickson.  This case involves an insurer's alleged failure to honor the terms of an insurance contract.  New Mexico recognizes an implied duty of good faith and fair dealing between insurer and insured, and so bad faith claims brought in that context are based on contract.  *See Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co*., 102 N.M. 28, 30 (N.M.,1984) (". . . under the contract of insurance, there is an implied covenant of fair dealing which creates an obligation between the parties to act in good faith").

Plaintiff recognizes that the contractual relationship at issue here is between Plaintiff and First American.   In the absence of a contractual relationship between Plaintiff and these individual Defendants, there can be no implied covenant of good faith and fair dealing and thus no action for bad faith against either of them.  *See Paiz v. State Farm Fire and Cas. Co*., 880 P.2d 300, 309 (N.M. 1994) ("Whether express or not, every contract in New Mexico imposes the

duty of good faith and fair dealing upon the parties in the performance and enforcement of the contract.").[5]

Plaintiff concedes that he cannot maintain a bad faith claim against Dalton and Hendrickson, citing to NM JUI 13-1702 (which sets out the basis for such a claim against an insurer); but contends that the complaint is sufficiently pled to allow him to proceed against First American based on allegations concerning the actions or inactions of Defendants Dalton and Hendrickson.  Defendants' responses on this claim track their arguments for the breach of contract claim, and the Court's findings are the same as well: Plaintiff may rely on factual allegations against First American's employees/agents to assert a bad faith claim against First American.

### III.  Count IX – Declaratory Judgment

The Declaratory Judgment Act, NMSA 1978, §§ 44-6-1 to 44-6-15 creates no substantive rights and is strictly a procedural statute that permits enforcement of otherwise established rights, i.e. it does not create either jurisdiction or rights that do not exist by virtue of other law. *See Am. Linen Supply of N.M., Inc. v. City of Las Cruces*, 73 N.M. 30 (N.M. 1963) (citing *Fash v. Clayton*, 78 F. Supp. 359 (D.N.M. 1948)).  In Count IX, Plaintiff seeks a declaration establishing that the policy issued by First American "entitled [Plaintiff] to certain coverages and payments under the Policy that are currently being denied by Defendants . . . ." *See* Compl., ¶ 202.

It stands to reason that there is no contract between either Dalton or Hendrickson, and therefore Plaintiff cannot obtain declaratory relief against them on the contract-based claims in Counts I, V and IX.

### IV.  Proposed Stipulated Order

---

[5] *See Wolverton v. Bullock,* 35 F.Supp.2d 1278, 1281 (D.Kan. 1998) (in the absence of a contract between two individuals, there can be no implied duty of good faith that one would have owed the other, and noting other jurisdictions holding same).

The proposed stipulated order presented by Plaintiff's counsel to Defendants' counsel merits some comment.  Plaintiff claims his purpose was to resolve the matter without wasting the Court's time.  Doc. 23 at 3-4.  However, the Court cannot help but observe that Plaintiff could have included the  necessary clarifications in the Complaint and obviated the need to generate additional pleadings to accomplish the same result. For example, Plaintiff could have identified the  proper defendants for each of the nine counts, but instead asserted all claims against all Defendants.  Plaintiff even expressly included Defendants Dalton and Hendrickson in the breach of contract claim in Count I:

> Defendants First American, **Dalton, and Hendrickson's breaches of the Policy** caused Mr. Sims to suffer damages, and will continue to cause Mr. Sims to suffer damages into the future, as further described herein.

Compl, ¶114 (emphasis added). However, even after having realized that he could not hold Dalton or Hendrickson personally liable for that claim, or for the other claims in Counts V and IX, Plaintiff never sought to amend the complaint to clarify that he was not asserting those claims specifically against them, but only as a basis for claims against First American.

Plaintiff now asks that the Court enter the proposed stipulated order as set forth in Plaintiff's initial version (Ex. B in Docs. 23 & 24) and that Court add a slight modification to the language pertaining to the bad faith claim.  *See* Doc. 23 at 4 & n.1.  The Court declines to do so. The sole purpose of the proposed stipulated order was to allow the parties to resolve the disputes discussed here on their own, but the time for that has come and gone.  The Court has had to address the issues and has made rulings which will govern in this case. A proposed stipulated order on these issues is unnecessary and duplicative and simply moot at this point. Also, in requesting the Court to enter his version of the proposed stipulated order, Plaintiff seeks to make clarifications that should have been made as amendments to the Complaint.

## CONCLUSION

In sum, the Court finds and concludes that Defendants Dalton and Hendrickson are not proper Defendants in Count I (breach of contract), Count V (bad faith), and Count IX (declaratory judgment). However, the Court also finds that the facts asserted in those claims describing the acts or omissions of Defendants Dalton and Hendrickson are relevant to Plaintiff's claims asserted against First American.

**THEREFORE,**

**IT IS ORDERED** that:

(1) Defendant Robert Dalton's 12(b)(6) Motion to Dismiss Counts I, V and IX of Plaintiff's Complaint (**Doc. 10**) is GRANTED IN PART and DENIED IN PART as described in this Memorandum Opinion and Order; and

(2) Defendant Michael Hendrickson's 12(b)(6) Motion to Dismiss Counts I, V and IX of Plaintiff's Complaint (**Doc. 11**) is GRANTED IN PART and DENIED IN PART as described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE